# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARSKEL F. CAUL,<br><br>                    Plaintiff,<br>   vs.<br><br>DONALD C. WINTER, Secretary of the Navy, et al.,<br><br>                    Defendants. | CASE NO. 06CV2096 WQH (LSP)<br><br>ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS, AND (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

HAYES, Judge:

Pending before the Court are Defendant Donald Winter's motions to dismiss and motion for summary judgment. (Doc. # 21). On August 6, 2007, the Court heard oral argument on the matter.

**BACKGROUND**

**A. Procedural Background**

On September 28, 2006, pro se Plaintiff Earskel F. Caul filed a Complaint for employment discrimination against Donald C. Winter, Secretary of the Navy. (Doc. # 1). At the time that he filed the Complaint, Plaintiff moved to proceed in forma pauperis and for appointment of counsel. (Docs. # 2, 3). On January 3, 2007, the Court granted Plaintiff's motion to proceed in forma pauperis and denied Plaintiff's motion for appointment of counsel. (Doc. # 4).

On March 10, 2007, Defendant Winter moved for an extension of time to respond to the Complaint. (Doc. # 7). On March 15, 2007, the Court granted the motion, and required that Winter file a responsive pleading on or before April 24, 2007. (Doc. # 8).

1   On April 16, 2007, and before Defendant Winter responded to the Complaint, Plaintiff filed an Amended Complaint. (Doc. # 11). The Amended Complaint named eighteen new Defendants, including the United States. (Doc. # 11).

On June 8, 2007, Defendant Winter moved to dismiss the Amended Complaint, and in the alternative, moved for summary judgment. (Doc. # 21). On July 13, 2007, Plaintiff timely filed an opposition to the motion, and attached evidence to defeat summary judgment. (Doc. # 13). Defendant Winter did not file a reply.

On August 6, 2007, the parties appeared for oral argument before the Honorable William Q. Hayes.

**B. Allegations of the Complaint (Doc. # 1) and the Amended Complaint (Doc. # 11)**

Plaintiff's original Complaint named Secretary of the Navy Donald C. Winter as the sole Defendant, and alleged that the Department of the Navy treated Plaintiff improperly because of Plaintiff's disabilities. Complaint (Doc. # 1) at 1-4.

Plaintiff's Amended Complaint (Doc. # 11), which intends to incorporate by reference Plaintiff's original Complaint (Doc. # 1), adds as Defendants the United States of America, Col. B.J. Connolly, Lt. Col. Harkins, Lt. Col. Locke, and a number of other persons "employed by the United States Government." Amended Complaint (Doc. # 11), ¶¶ 1-21. The Amended Complaint also names a non-disclosed number of Doe Defendants. Amend. Compl., ¶ 4. Liberally construed, the Amended Complaint alleges that Defendants improperly dismissed Plaintiff from his job in June 2001 and failed to accommodate Plaintiff's disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, Title VII,[1] and the Rehabilitation Act. Amend. Compl., p. 7.

Plaintiff alleges that Defendants "failed to make or follow policies regarding employees with disabilities," and "failed to implement any policies and failed to train and supervise to a degree that amounted to a 'deliberate indifference standard' of operating procedure for its staff." Amend. Compl., ¶ 26. As a result of the "deliberate indifference to the rights of plaintiff, by defendants, . . . [p]laintiff suffered from continued abuse, as defendants created an environment of fear, and psychological

---

[1] Plaintiff's Amended Complaint alleges that Plaintiff is protected by Title VII, and the Court concludes that the Amended Complaint intends to assert a claim under Title VII.

1  torcher [sic]." Amend. Compl., ¶ 27. Plaintiff alleges that Defendants slammed doors in his face,
2  yelled at Plaintiff, called Plaintiff names, and referred to Plaintiff with "derogatory names and
3  references." Amend. Compl., ¶ 27.

4  **C. Evidence Submitted in Support of and in Opposition to Summary Judgment**

5  Beginning on March 1, 1998, the United States Navy employed Plaintiff as a motor vehicle
6  operator at the Marine Corps Air Station Miramar (MCASM). Plaintiff's Opposition to Defendant's
7  Motion for Summary Judgment (Pl. Opp.), Ex. 1. During the time that Plaintiff worked at MCASM,
8  Plaintiff's work was above average and he had a good working relationship with his co-workers. Pl.
9  Opp., Ex. 1, 4.

10  On June 11, 2001, MCASM removed Plaintiff from his position as a motor vehicle operator
11  due to unauthorized absence. Defendant's Motion for Summary Judgment (MSJ), Ex. 2. After
12  Plaintiff appealed the dismissal to the Merit Systems Protection Board, the parties settled, and the
13  Government reinstated Plaintiff to his former position. MSJ, Ex. 2. Plaintiff signed a "Last Chance
14  Agreement" as part of the settlement, and agreed to refrain from unauthorized absences. MSJ, Ex. 3.

15  On February 11, 2002, Plaintiff reported back to work. MSJ, Ex. 6 at 85-89. Thereafter,
16  Plaintiff's supervisors provided Plaintiff with alternative duties to perform and Plaintiff immediately
17  departed and left work without authorization. MSJ, Ex. 6 at ¶ 2(b). Plaintiff stated that he left work
18  for medical reasons. Pl. Opp., Ex. 9 at 2.

19  On February 12, 2002, Plaintiff met with Human Resources Officer Judi Ramiro and requested
20  a transfer. MSJ, Ex. 10 at 4-5. Ramiro denied the transfer, and Plaintiff did not return to work. MSJ,
21  Ex. 10 at 4-5. On or after February 12, 2002, Plaintiff checked into a residential treatment facility.
22  MSJ, Ex. 8.

23  On April 30, 2002, Plaintiff filed a Complaint with the EEO alleging discrimination and failure
24  to accommodate against the Department of the Navy. MSJ, Ex. 4. On May 1, 2002, Plaintiff's
25  physician communicated to MCASM that Plaintiff's disabled status had ceased to exist as of April 25,
26  2002, and that Plaintiff could return to work. MSJ, Ex. 5. Plaintiff refused to return to work unless
27  he was transferred. MSJ, Ex. 7. On August 2, 2002, MCASM fired Plaintiff. MSJ, Ex. 8.

28  On February 8, 2005, an Administrative Law Judge granted MCASM summary judgment on

1 Plaintiff's April 30, 2002, EEO complaint. MSJ, Ex. 10. On March 21, 2005, the Department of the Navy issued its final decision which found no discrimination. MSJ, Ex. 12. On March 23, 2005, the Navy mailed its final decision to both Plaintiff and Plaintiff's attorney of record. MSJ, Ex. 12; Pl. Opp., Ex. 15. On March 28, 2005, Plaintiff's attorney of record received the final decision. MSJ, Ex. 13 at 1.

On April 28, 2005, Plaintiff appealed the Navy's final decision to the EEOC. MSJ, Ex. 11. On August 11, 2005, the EEOC denied Plaintiff's appeal as untimely and dismissed his claims. MSJ, Ex. 13. The EEOC concluded that Plaintiff's appeal was one day late. MSJ, Ex. 13. The EEOC's notice of dismissal advised Plaintiff that Plaintiff could (a) move for reconsideration within 30 days of the dismissal, and/or (b) file a complaint in district court within 90 days of the dismissal. MSJ, Ex. 13 at 1-2; *see also* 29 CFR §§ 1614.405(b), 1614.407(c). The EEOC mailed the August 11, 2005, notice of dismissal to Plaintiff's address at 625 ½ 19th Street in San Diego, the address Plaintiff listed on his April 28, 2005, notice of appeal. Pl. Opp., Ex. 15; MSJ, Ex. 11.

On July 3, 2006, and almost one year after the EEOC's August 11, 2005, dismissal of Plaintiff's claims and appeal, Plaintiff filed a motion for reconsideration with the EEOC. MSJ, Ex. 14. In the motion for reconsideration, Plaintiff stated that he did not receive the EEOC's August 11, 2005, notice of dismissal until June 28, 2006. Pl. Opp., Ex. 15. Plaintiff further stated that the EEOC mailed the August 11, 2005, notice of dismissal to the wrong address in August 2005. Pl. Opp., Ex. 15.

On July 14, 2006, the EEOC denied Plaintiff's motion for reconsideration as untimely. MSJ, Ex. 15. The EEOC concluded that it mailed the August 11, 2005, notice of dismissal to the address listed on Plaintiff's April 28, 2005, appeal, and that Plaintiff's evidence did not establish that Plaintiff lived elsewhere on August 11, 2005, or that Plaintiff "informed the Commission of any change of address." MSJ, Ex. 15; Pl. Opp., Ex. 15.

On September 28, 2006, Plaintiff filed the Complaint in this Court. (Doc. # 1).

/
/
/

**STANDARDS OF REVIEW**

**I. Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *Id.*, *citing* FED R. CIV. P. 8(a)(2). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). In considering a Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings to evidence submitted by the parties. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003); *Vinieratos v. United States*, 939 F.2d 762 (9th Cir. 1991).

**II. Summary Judgment**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may meet this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. If the moving party fails to discharge this initial burden, summary judgment must be denied

1  and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398
2  U.S. 144, 159-60 (1970).

3       If the moving party satisfies its initial burden, the nonmoving party cannot defeat summary
4  judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts."
5  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Anderson*,
6  477 U.S. at 252. Rather, the nonmoving party must "go beyond the pleadings and by her own
7  affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific
8  facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ.
9  P. 56(e)) (internal quotations omitted).

10      In ruling on a motion for summary judgment, "[t]he district court may limit its review to the
11 documents submitted for purposes of summary judgment and those parts of the record specifically
12 referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir.
13 2001). The court must view all inferences drawn from the underlying facts in the light most favorable
14 to the nonmoving party. *Matsushita*, 475 U.S. at 587. "Credibility determinations [and] the weighing
15 of evidence . . . are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for
16 summary judgment." *Anderson*, 477 U.S. at 255.

17 **DISCUSSION**

18      Defendant Winter moves to dismiss part of the Complaint pursuant to Rule 12(b)(6) on the
19 grounds that certain Defendants are improperly named and not subject to suit for employment
20 discrimination. Defendant Winter moves for summary judgment on the grounds that Plaintiff failed
21 to exhaust his administrative remedies. Specifically, Defendant contends that Plaintiff failed to timely
22 appeal the Department of the Navy's final decision finding no discrimination, failed to timely move
23 for reconsideration of the EEOC's denial of Plaintiff's appeal, and failed to timely file a complaint in
24 District Court.

25      Plaintiff contends that the Navy unconstitutionally failed to accommodate Plaintiff's
26 disabilities, and lists a series of questions which he apparently would like the Court to evaluate and
27 answer. *See* Pl. Opp. at 6-9. Plaintiff contends that his appeal was late because his lawyer failed to
28 file the appeal, abandoned Plaintiff, and because Plaintiff suffered a "mental breakdown" related to

regaining custody of his two kids.  Pl. Opp. at 4-5.  Plaintiff contends that his motion for reconsideration of the EEOC's notice of dismissal and his District Court Complaint were late because the EEOC mailed the August 11, 2005, notice of dismissal to the wrong address.

**I. Motion to Dismiss**

Plaintiff filed his original Complaint (Doc. # 1) on September 28, 2006, and the Amended Complaint (Doc. # 11) on April 16, 2007.  Pursuant to Local Civil Rule 15.1, "[u]nless prior approval is obtained from the court, every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, shall be retyped and filed so that it is complete in itself without reference to the superseded pleading."

Plaintiff did not obtain prior approval from the Court to incorporate his original Complaint by reference into his Amended Complaint.  However, Plaintiff stated at oral argument that he intended to incorporate his original Complaint by reference into his Amended Complaint, and Defendant Winter does not object to such incorporation.  In light of this Court's "duty to construe pro se pleadings liberally," *Bernhardt v. County of Los Angeles*, 339 F.3d 920, 925 (9th Cir. 2003), the Court will construe Plaintiff's Amended Complaint as if it incorporated by reference Plaintiff's original Complaint.

Defendant Winter moves to dismiss Plaintiff's Amended Complaint on the grounds that the Amended Complaint improperly names a number of Defendants who are not subject to suit for employment discrimination.  Defendant does not move to dismiss the entire Complaint, but only those parties improperly named.  Plaintiff did not respond to Defendant's motion to dismiss improperly named parties.

Pursuant to 42 U.S.C. § 2000e-16(c), a party wishing to challenge discrimination in employment in district court must "[w]ithin 90 days of receipt of notice of final action by a department, agency, or unit . . . file a civil action as provided in section 706, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."  A court will dismiss parties from a complaint where a plaintiff files an employment discrimination action against persons other than the "head of the department, agency, or unit." *Mahoney v. United States Postal Service*, 884 F.2d 1194, 1196 (9th Cir. 1989); *Knox v. Potter*, No. C-03-3638 MMC, 2004 U.S. Dist. LEXIS

8650, *40-41 (N.D. Cal. May 7, 2004); *Dijorio v. Secretary of Veteran Affairs*, No. C 93-0554 BAC, 1993 U.S. Dist. LEXIS 11366, *2 (N.D. Cal. Aug. 10, 1993). Here, even construing Plaintiff's pleadings liberally, Plaintiff has named as Defendants in this suit multiple persons and entities other than the head of the Department of the Navy. The Court concludes that each of those parties must be dismissed as improper Defendants in this employment discrimination suit.

Defendant Winter's motion to dismiss improperly named parties (Doc. # 21) is GRANTED.

**II. Summary Judgment**

    **A. Plaintiff's Claims pursuant to Title VII and the Rehabilitation Act**

Title VII prohibits an employer from "discriminating against an employee or job applicant on the basis of such person's race, color, religion, sex or national origin." *Horvath v. Dalton*, No. C-97-0441 MHP, 1999 U.S. Dist. LEXIS 165, *11 (N.D. Cal. Jan. 7, 1999) (citing 42 U.S.C. § 2000e-2). The Rehabilitation Act prohibits an employer from discrimination against an employee on the basis of disability. *Leorna v. United States Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997). Whether an employee brings suit under Title VII, the Rehabilitation Act, or both, the employee must exhaust his or her administrative remedies as a precondition to filing suit in the district court. *Leorna*, 105 F.3d at 550; *Cherosky v. Hernderson*, 330 F.3d 1243, 1245-46 (9th Cir. 2003); *Vinieratos v. United States*, 939 F.2d 762, 768-69 (9th Cir. 1991); *see also* 29 C.F.R. §§1614.101(a), 1614.103(a).

In order to exhaust administrative remedies and file an action in district court, an aggrieved employee who alleges employment discrimination must initiate contact with an EEO counsel within 45 days of the date of the matter alleged to be discriminatory, and then within 30 days of that contact, file an administrative complaint. 29 C.F.R. §§ 1614.105(a)(1), 1614.106. If the employee's administrative complaint is dismissed by the Agency pursuant to 29 U.S.C. § 1614.110, the employee can appeal the final action or decision to the EEOC within 30 days of receipt of the final action or decision. *See* 29 C.F.R. § 1614.402(a). If the EEOC dismisses the appeal, the order of the EEOC becomes final unless the employee moves for reconsideration of the EEOC decision within 30 days of receipt of the decision. *See* 29 C.F.R. §1614.405(b). If the employee chooses not to appeal to the EEOC, or if the employee unsuccessfully appeals to the EEOC, the employee can file a Complaint in United States District Court so long as the Complaint is filed within 90 days of either (a) the receipt

of the final action if no appeal was filed, or (b) the receipt of the EEOC's final decision on appeal. *See* 29 C.F.R. § 1614.407.

The evidence indicates that Plaintiff's attorney of record received the Navy's March 23, 2005, final decision finding no discrimination on March 28, 2005. The evidence further indicates that Plaintiff filed his appeal to the EEOC on April 28, 2005, one day late. *See* 29 C.F.R. 1614.402(a)-(b) (allowing a plaintiff 30 days to appeal from attorney's receipt of final decision). Accordingly, on August 11, 2005, the EEOC denied Plaintiff's appeal as untimely, and mailed a copy to Plaintiff's address of record at 625 ½ 19th Street, San Diego. *See* MSJ, Ex. 13; *see also* MSJ, Ex. 11. The EEOC's notice of dismissal of Plaintiff's appeal specifically stated that Plaintiff could file a motion for reconsideration within 30 days of receipt of the dismissal of appeal pursuant to 29 C.F.R. § 1614.405, or could file an action in the district court within 90 days of receipt of the dismissal of appeal pursuant to 29 C.F.R. § 1614.407(c). MSJ, Ex. 13 at 2; *see also* 42 U.S.C. 2000e-16(c).

Plaintiff did not move for reconsideration or file a complaint in the district court within the time allowed. Instead, Plaintiff moved for reconsideration on July 3, 2006, approximately ten months after the time allowed for reconsideration had expired. MSJ, Ex. 14. On July 16, 2006, the EEOC denied Plaintiff's motion for reconsideration as untimely and affirmed the August 11, 2005, dismissal of appeal. Thereafter, on September 28, 2006, Plaintiff filed this action–approximately 10 months after the time allowed to file a complaint had expired. (Doc. # 1); *see* 29 CFR § 1614.407(c); 42 U.S.C. § 2000e-16(c). The Court concludes that Plaintiff failed to exhaust his administrative remedies.

Plaintiff attempts to invoke the doctrine of equitable tolling by arguing that his failure to exhaust was the result of (1) the EEOC's failure to mail its final decision to Plaintiff's correct address, and (2) Plaintiff's suffering from mental distress and abandonment by his lawyer. *See Leorna*, 105 F.3d at 551 (the doctrine of equitable tolling can be applied where the claimant had neither actual nor constructive notice of the filing period). Plaintiff submitted evidence to this Court to support his contention that the EEOC mailed the August 11, 2005, dismissal of appeal to the wrong address, however, Plaintiff's evidence does not in fact support his contention, and is irrelevant to the question of where Plaintiff lived in August 2005. Pl. Opp, Ex. 15. Furthermore, Plaintiff's argument that

1  mental distress and abandonment affected his ability to timely file the Complaint is not supported by
2  evidence, and is not, in any event, sufficiently articulated to meet the standard for equitable tolling
3  since it does not bear on Plaintiff's knowledge of the administrative deadlines and filing periods.
4  "Equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and is not
5  available to avoid the consequences of one's own negligence." *McComber v. Potter*, Case No. 06-
6  5089 FDB, 2006 U.S. Dist. LEXIS 57697, *10 (W.D. Wash. Aug. 16, 2006) (citing *Lehman v. United
7  States*, 154 F.3d 1010, 1016 (9th Cir. 1998)). After reviewing Plaintiff's contentions with regard to
8  equitable tolling, the Court concludes that Plaintiff is not entitled to equitable tolling even considering
9  the facts in the light most favorable to Plaintiff.

10  In order for a federal employee to litigate a Title VII or Rehabilitation Act claim in federal
11  court, "he must first exhaust his administrative remedies . . . as a precondition to filing suit." *Elizondo
12  v. Secretary of the Dep't of the Navy*, No.02CV1063 BEN (BLM), 2004 U.S. Dist. LEXIS 28976, *6
13  (S.D. Cal. Nov. 29, 2004) (citing *Vinieratos*, 939 F.2d at 768); *see also Leorna*, 105 F.3d at 550-551.
14  After reviewing the facts of this case in the light most favorable to Plaintiff, the Court concludes that
15  Plaintiff has not exhausted his administrative remedies and has abandoned his claims by delaying the
16  EEOC's appeals process. "When a federal employee obstructs the smooth functioning of a properly
17  elected administrative process and abandons that process . . . he fails to exhaust his chosen remedy
18  and thereby forecloses judicial review." *Vinieratos*, 939 F.2d at 772.

19  **B. Plaintiff's Claim pursuant to the Americans with Disabilities Act**

20  In addition to claims pursuant to Title VII and the Rehabilitation Act, Plaintiff's Amended
21  Complaint asserts a claim pursuant to the Americans with Disabilities Act. However, a federal
22  employee has no remedy for employment discrimination under the Americans with Disabilities Act,
23  42 U.S.C. § 12101. *See Rivera v. Heyman*, 157 F.3d 101, 103 (2d Cir. 1998); *see also* 42 U.S.C. §
24  12111(5)(B); *Zimmerman v. Oregon DOJ*, 170 F.3d 1169, 1172 (9th Cir. 1999). Accordingly, the
25  Court concludes that Defendant is entitled to judgment on Plaintiff's Americans with Disabilities Act
26  claim as a matter of law.

27  Defendant Winter's motion for summary judgment (Doc. # 21) is granted.
28  /

1  /

2  /

## CONCLUSION

Defendant's motion to dismiss improperly named parties (Doc. # 21) is GRANTED.

Defendant's motion for summary judgment (Doc. # 21) is GRANTED.

**IT IS SO ORDERED.**

DATED: September 13, 2007

**WILLIAM Q. HAYES**
United States District Judge